## Case No. 13,270.

### SQUIRE v. ONE HUNDRED TONS OF IRON.

[2 Ben. 21.] [1]

District Court, S. D. New York. Nov., 1867.

#### SALVAGE—AGREEMENT—JURISDICTION.

1. Where the libellant, who owned some blocks, let them to parties who were endeavoring to get off a wrecked vessel which they had bought, at Nassau, N. P., to be used in getting the vessel off, at so much a day, the vessel to be responsible for the hire and for the safe return of the blocks: *Held*, that he had no claim to recover, as a salvor, the price agreed upon, or for the loss of the blocks, either in personam against the parties who owned the wreck, or against property saved from her.

[Cited in The Marquette, Case No. 9,101; The Williams, Id. 17,710; The Louisa Jane, Id. 8,532.]

2. The clause making the vessel responsible for the blocks and for their hire, did not create any hypothecation of her which a court of admiralty can enforce.

[Cited in The Marquette, Case No. 9,101.]

In admiralty.

BLATCHFORD, District Judge. This is a libel for a salvage compensation, filed against one hundred tons of iron, alleged to have been saved from a steamer called the Agnes Louisa, at Nassau, N. P., and against Henry N. Farr, John C. Rahming, Walter Rahming, Henry Rahming, and Oliver M. Pettit. The return of the marshal to the process issued on the libel, was, that he had attached the property proceeded against, and had served the process personally on Walter Rahming and on Pettit. The substance of the libel is, that the vessel was stranded and wrecked near Nassau; that the libellant, in April, 1865, was the owner of certain blocks, of the value of $965, which the respondents, at that time, procured from him at Nassau, for the purpose of saving the wreck, promising him that they should be used in such service, and that he should receive $5 per day per pair, and $1,300 out of the materials which should be saved out of the wreck, and should obtain his compensation out of the wrecked property when saved; that the respondents saved various materials from the

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

wreck, and one hundred tons of the same, called old iron, had been brought to New York; that the respondents totally lost the libellant's blocks in and about the wreck and while saving the materials thereof; that the per diem compensation due to the libellant for the use of the blocks amounts to $2,457, besides the $1,300 to be paid out of the savings of the wreck, making his total claim, with the value of the blocks, $4,722; and that he claims a hypothecation of the one hundred tons of iron to pay his demands, and has, by way of maritime lien thereon, a right to attach it and have it sold to pay his demands.

The only answer put in in the case is that of John C. Rahming, as claimant of "about thirty-three tons of old iron," attached in the cause, who answers on behalf of himself and Walter Rahming, Henry Rahming, and Pettit. This answer denies all the allegations of the libel, except that the claimant purchased the steamer, and has saved some things out of her and brought them to this district, and avers that no person who was owner of the steamer hired any blocks from the libellant, and that some blocks of the libellant's, of small value, were used, and their use was of little or no value.

The libellant has been examined as a witness on his own behalf, and testifies that the steamer was ashore and a wreck in the ocean, outside of the harbor of Nassau, and that, in April, 1865, after the respondents John C. Rahming and others had purchased the vessel at an admiralty sale, the respondent Farr, who was her master, hired seven blocks from him, under a written agreement, of which the following is a copy: "Nassau, April 15th, 1865. This is to certify that I, as master and head wrecker of the steamship Agnes Louisa, have agreed with Captain Richard Squire, for the hire of seven large blocks, at the rate of $5 per day per pair, for the use of said blocks, to be used in endeavoring to get the above steamer off of the beach at Hog Island, said ship to be responsible for hire and damage, also for safe return of said blocks to him in good order. Capt. H. N. Farr, for ship and owners." Squire testifies that these blocks were taken by Capt. Farr under this agreement, and were used on the vessel in endeavoring to get her off, from the date of this agreement, until he, Squire, left Nassau, December 18th, 1865; that the blocks have never been returned to him; and that, the day before he left Nassau, he demanded the blocks from the Rahmings, and they begged him to leave them, and said they would send them to him at New York. Another witness testifies that, on that occasion, the Rahmings told Squire they would pay him for the blocks if he would leave them.

This is the substance of the case for the libellant. Although he swears, in his libel, that the agreement was that he should receive, for the use of his blocks, $5 per day per pair, and $1,300 out of the materials saved from the wreck, yet, in his testimony, he does not pretend that any such agreement in reference to

$1,300 was made, and the agreement he proves is a written one, specifying no other compensation than $5 per day per pair. So, too, in his libel, he swears, that the agreement was that he should obtain his compensation out of the wrecked property when saved. The agreement he proves is an absolute one to pay him $5 per day per pair at all events, and he testifies that he never proposed to Henry Rahming that the compensation for the blocks should depend on the success in getting off the wreck, and never altered his original agreement, and never told any one that the compensation was to depend on such success.

It is perfectly clear that the libellant has no claim as a salvor. He merely hired his blocks for a fixed compensation to parties who were endeavoring to get off the vessel. He was to be paid at all events, whether the vessel was saved or not. Besides, if he could claim as salvor against the iron attached, there is no proof in the case that such iron was a part of the vessel in question. He has, however, no claim which he can recover in this suit, either in rem or in personam, for the hire of his blocks or for their value, on the principle of recovering for a salvage service. The Independence [Case No. 7,014].

In regard to the claim of the libellant to recover, either in rem or in personam, upon some other ground than for a salvage service, I am unable to perceive any principle upon which he can so recover in the admiralty. The contract was not one for repairs, supplies, or other necessaries furnished to the vessel, in the sense in which, either by the general maritime law, or by the 12th rule of the rules in admiralty prescribed by the supreme court, the furnishing of such articles gives a right of action in the admiralty. And, granting that Capt. Farr had authority to make the agreement he did, I do not think that the clause in the agreement which makes the vessel responsible for the hire of the blocks and for damage to them and for their safe return, creates any hypothecation of the vessel, which a court of admiralty can enforce.

The libel must, therefore, be dismissed, with costs. It may be that the libellant has a valid claim against some person or persons for the use and value of his blocks, but, if so, he has clearly mistaken the forum in which he can obtain relief.